IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAPMAN ROGERS MAYS, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:22-CV-351-O |
| § | (NO. 4:19-CR-350-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Chapman Rogers Mays, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, including the record in the underlying criminal case, and applicable authorities, concludes that the motion should be **DENIED**.

**I.     BACKGROUND**

The record in the underlying criminal case reflects the following:

On December 2, 2019, Movant was named in a one-count information charging him with making a false bankruptcy declaration, in violation of 18 U.S.C. § 152(3). CR ECF No. 1. Movant and his attorney signed a waiver of indictment, CR ECF No. 3, factual resume, CR ECF No. 4, and plea agreement, CR ECF No. 5. The factual resume set forth the elements of the offense, the maximum penalty Movant faced, and the stipulated facts establishing that Movant had committed the offense charged. CR ECF No. 4. The plea agreement likewise set forth the maximum penalty Movant faced. CR ECF No. 5, ¶ 3. It also stated that Movant understood the nature and elements of the crime to which he was pleading guilty and that the factual resume he signed was true. *Id.* ¶ 2. As to representation of counsel, the plea agreement provided:

> [Movant] has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with his lawyer's legal representation. [Movant] has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, [Movant] has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

*Id.* ¶ 10.

On December 6, 2019, Movant entered his plea of guilty. CR ECF No. 14. Movant testified under oath that: he understood the elements of the offense, which were read in open court; he committed all of the essential elements of the offense; he had had enough time to discuss the case with his attorney and was fully satisfied with his representation; he had read and understood the plea agreement; he had no questions about restitution; and, no promises or threats had been made to induce him to plead guilty. CR ECF No. 47. The Court accepted the plea as having been knowingly and voluntarily made. *Id.*

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's guideline imprisonment range was ten to sixteen months. CR ECF No. 19, ¶ 69. The PSR included a discussion of factors that might warrant departure and factors that might warrant a sentence outside of the advisory guideline system. *Id.* ¶¶ 81, 82. In sum, Movant had executed a criminal scheme to steal $1,828,324.92 from his daughter's UTMA accounts and use that money for personal expenses. *Id.* at ¶ 82. The government filed objections to the PSR. CR ECF Nos. 20. Movant filed a response. CR ECF No. 21. The probation officer submitted an addendum to the PSR. CR ECF No. 25. The probation officer submitted a second addendum reflecting that Movant continued his criminal conduct after receiving a target letter by depositing a check in the amount

of $8,901.15 belonging to his daughter and spending the proceeds on personal expenditures. CR ECF No. 27.

The Court varied upward to sentence Movant to a term of imprisonment of sixty months. It also ordered Movant to make restitution in the amount of $1,675,699.44 to his daughter. CR ECF No. 34. Movant appealed and the judgment was affirmed. *United States v. Mays*, 852 F. App'x 801 (5th Cir. 2021).

## II. GROUNDS OF THE MOTION

Movant urges one ground in support of his motion, that he received ineffective assistance of counsel. ECF No. 1 at 4.[1] He says that counsel was ineffective for failing to:

> (a) investigate "mitigating information contained in the related bankruptcy case files,"
> (b) hire an expert to audit his daughter's Uniform Transfers to Minors Act ("UTMA") accounts,
> (c) depose Movant's bankruptcy lawyer, the bankruptcy trustee, and the appointed ad litem,
> (d) properly advise him on potential charges he would have faced had he rejected the plea agreement and gone to trial,
> (e) share the full PSR with him,
> (f) tell him the full restitution amount until the day of sentencing, and
> (g) share the details of the victims' impact statements.

*Id.* at 13–17.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can

---

[1] The page reference is to "Page __ of 20" assigned by the Court's electronic filing system and reflected at the top right portion of the document.

3

challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable,"

4

*Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV. ANALYSIS

Movant generally argues that he was denied effective assistance because his counsel "failed to investigate or perform other pretrial functions." ECF No. 1 at 13. He vaguely refers to "mitigating information contained in the related bankruptcy case files." *Id.* One who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Here, it's clear that Movant simply wants to rehash every fact underlying his conviction and blame his bankruptcy filings on his bankruptcy attorney. The record is clear, however, that Movant knowingly and fraudulently made false statements in his bankruptcy filings. Movant's allegations to the contrary are conclusory and fail to support a claim. *Miller*, 200 F.3d at 282; *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1984).

Movant says that his counsel should have hired an expert to "audit the bank accounts involved" and that failure to do so "significantly prejudiced [his] ability to mount an effective

defense to the government's claims." ECF No. 1 at 15. But, he fails to show that a full accounting would have undermined the evidence of his guilt. At best, an accounting would only have helped to establish the amount of money Movant stole from his daughter to use for his own purposes. He admitted in open court that although he disputed that all of it was illegally taken, he did take a significant amount. CR ECF No. 48 at 26.

Movant complains that his counsel should have deposed his bankruptcy lawyer, the bankruptcy trustee, and the ad litem for his minor daughter. Complaints of uncalled witnesses are not favored because the presentation of witnesses is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail, movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). In this case, Movant has not provided any affidavits of the persons he identifies to show that their testimony would have been favorable and that they would have testified on Movant's behalf. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). He says counsel was ineffective because he might have discovered "potential case winning strategy" had he interviewed or deposed the bankruptcy trustee or bankruptcy attorney. ECF No. 1 at 15–16. His speculation does not establish a claim.

Movant next alleges that counsel should have advised him "properly" on the potential charges against him. ECF No. 1 at 15–16. He generally argues that counsel was somehow ineffective in advising that Movant would be unsuccessful at trial. He asks the Court to speculate

6

about other charges that could have been brought and whether the government would have prevailed. He has failed to show that counsel was ineffective in this regard.

Movant alleges that counsel was ineffective in failing to share the complete PSR with him, but only discussing several (undescribed) highlights over the phone. ECF No. 1 at 16. This allegation is refuted by the record, which reflects that the PSR was disclosed to Movant and that Movant and counsel received and reviewed it, the addendum, and the second addendum. CR ECF No. 48 at 2; CR ECF Nos. 25, 27. And, in any event, Movant has not shown that he was prejudiced at all by the alleged failure.

Movant additionally complains that he did not know the full restitution amount until the day of sentencing. ECF No. 1 at 16. Again, the allegation is belied by the record. The full amount of restitution that the government was seeking was reflected in the PSR, CR ECF No. 19, ¶ 79, and the addendum, CR ECF No. 25, which were received and reviewed by Movant and counsel before the sentencing hearing. CR ECF No. 48 at 2. Again, and in any event, Movant has not shown that he was somehow prejudiced even if his complaint if true.

Finally, Movant alleges that counsel did not share the details of the victim impact statements "which contained misleading information and baseless accusations." ECF No. 1 at 16–17. The allegation is false, at least as it pertains to the statement of his ex-wife.[2] At sentencing, Movant stated that he was aware of the statement that his ex-wife provided the Court and denied ever touching or having inappropriate contact with his daughter. CR ECF No. 48 at 23. When given a further opportunity to address the Court regarding victim impact letters attached to the PSR addendum, Movant declined, except to plead for a guideline or lower sentence. *Id.* at 29–30.

---

[2] Movant does not contend that he is referring to any other statement.

In sum, to the extent Movant is claiming that he was misled or duped into pleading guilty as a result of deficient performance of his counsel or that his plea was not factually supported, this claim is belied by the record. As the Court found, Movant's plea was knowing and voluntary and made with full knowledge of the consequences. Movant and his counsel signed the plea agreement, which stated, among other things, that it was made freely and voluntarily and that movant had thoroughly reviewed all legal and factual aspects of his case with his counsel and was fully satisfied with his representation. CR ECF No. 5. This and the other documents signed by movant are accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Moreover, movant testified under oath that his plea was not coerced, that he had received satisfactory explanations in response to his questions about the plea agreement, and that he was satisfied with counsel. More importantly, he stated under oath that the stipulated facts set forth in the factual resume were true. CR Doc. 47. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His testimony and the clear terms of the plea agreement and factual resume refute the allegations that he received ineffective assistance as alleged. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998).

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255. The Court also **DENIES** Movant's motion for leave to amend, which was filed after the government filed its response and does not include a copy of any proposed amendment.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 7th day of November 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**